United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIEGO PARTIDA,

Plaintiff,

v.

SCHENKER INC., et al.,

Defendants.

Case No. 22-cv-09192-AMO

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 55

Before the Court is Defendants' motion to dismiss Plaintiff Diego Partida's second amended complaint. The motion is fully briefed and because it is suitable for decision without oral argument, *see* Civ. L. R. 7-6, the Court vacated the hearing. ECF 67. This Order assumes familiarity with the facts of the case, the relevant legal standards, and this Court's March 29, 2024 Order dismissing the first amended complaint ("FAC"). ECF 50 ("Order"). Having read the papers filed by the parties and carefully considered the arguments therein, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

## I. DISCUSSION

Plaintiff Diego Partida brings this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA") against Schenker, Inc. ("Schenker"), the Schenker, Inc. Retirement Plans Committee ("Committee"), and Does 1-50 (collectively, "Defendants"). Partida, on behalf of current and former employees, participants, and beneficiaries of Schenker's 401(k) Savings and Investment Plan (the "Plan"), seeks to recover losses for Defendants' mismanagement of the Plan. The FAC alleged four causes of action: breach of fiduciary duty and prudence; breach of duty of loyalty; failure to monitor other plan fiduciaries; and breach of fiduciary duty by omission. Defendants moved to transfer venue to the Eastern District of Virginia, ECF 24, and

moved to dismiss the FAC, ECF 39. The Court denied the motion to transfer and granted the motion to dismiss with leave to amend. Order at 15-16.

On April 30, 2024, Partida filed the operative second amended complaint ("SAC"), alleging two causes of action: breach of duty of prudence under ERISA, 29 U.S.C. §§ 1104(a)(1)(B), 1105, and failure to monitor other plan fiduciaries. ECF 51. Defendants move to dismiss both claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 55.

A complaint that fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)). "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Defendants move to dismiss both of Partida's claims. Because a failure to monitor claim requires an underlying ERISA violation, the Court first considers Partida's breach of duty of prudence claim. As an ERISA plan fiduciary, Schenker must discharge its duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in

a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Hughes v. Nw. Univ.*, 595 U.S. 170, 172 (2022) (citing 29 U.S.C. § 1104(a)(1)(B)). Courts analyzing duty of prudence consider "whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment." *Donovan v. Mazzola*, 716 F.2d 1226, 1232 (9th Cir. 1983); *see also Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133 (N.D. Cal. 2022) (noting the Court's focus is on the fiduciary's "conduct in arriving at a decision, not on its result"). To that end, "[p]oor performance, standing alone, is not sufficient to create a reasonable inference that plan fiduciaries failed to conduct an adequate investigation . . . . ERISA requires a plaintiff to plead some other indicia of imprudence." *Id.* Partida alleges Defendants breached their fiduciary duty of prudence by: (1) investing in underperforming funds, (2) failing to opt for lower cost shares, and (3) paying higher fees than other plans. SAC ¶¶ 47-65, 93-151, 163. The Court examines each in turn.

*First*, Partida alleges that Defendants violated the duty of prudence by retaining the underperforming Wells Fargo Growth Fund.[1] SAC ¶ 85. "There is nothing presumptively imprudent about a retirement plan retaining investments through periods of underperformance as part of a long-range investment strategy." *Wehner*, 2021 WL 507599, at *9 (N.D. Cal. Feb. 9, 2021) (citations omitted). Because "allegations regarding the availability of lower cost share classes are, without more, insufficient to state a claim for breach of the duty of imprudence," *Tobias v. NVIDIA Corp.*, 2021 WL 4148706, *11 (N.D. Cal. Sept. 13, 2021), Partida must either allege that the fund's selection process was flawed or present a meaningful benchmark for the fund. *Anderson*, 579 F. Supp. 3d at 1148.

The allegations in the SAC related to Defendants' process are conclusory and ultimately

[1] The SAC adds allegations about Defendants' purportedly imprudent retention of the Prudential Stable Value fund. SAC ¶¶ 138-151. Because no allegations about Prudential were made in the FAC, these allegations constitute a new claim in violation of the Court's order dismissing the FAC, which instructed that "[n]o additional parties or claims may be added without leave of Court or stipulation of Defendants." The Court thus dismisses this claim. *See Strifling v. Twitter Inc.*, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024) (collecting cases in which courts struck or dismissed parties and claims that exceeded what was allowed by an order granting leave to amend).



United States District Court
Northern District of California

United States District Court
Northern District of California

attack the funds' underperformance, not its selection process. *See, e.g.*, SAC ¶ 78 ("Defendants had a deficient process for selecting, evaluating and monitoring funds as shown by as shown by the fact that funds with unreasonably high expenses remained in the Plan during the Class period, rather than the lower cost, but otherwise identical alternative share classes of the funds that also offered higher returns."). Partida also fails to present a meaningful benchmark, which must contain "factual allegations that compare the products' styles and strategies." *Wehner*, 2021 WL 2417098, at *4 (N.D. Cal. June 14, 2021). Partida alleges that other funds performed better and thus asserts this shows Defendants' imprudence. *See* SAC ¶ 86 (comparator funds that "provided lower costs and higher returns . . . supports a flawed process by Defendants in the selection, retention, and monitoring the plan funds"). However, Partida fails to allege that the proposed benchmark funds had the same aims, risks, or potential rewards as the challenged fund. *See Anderson*, 579 F. Supp. 3d at 1148.

Another deficiency with the comparators is that they are passively managed market indexes, SAC ¶ 8, which do not make them meaningful benchmarks for the actively managed Wells Fargo Growth fund. *See Davis v. Salesforce.com, Inc.*, No. 21-15867, 2022 WL 1055557, at *2 n.1 (9th Cir. Apr. 8, 2022) ("[P]laintiffs have not plausibly alleged that defendants breached the duty of prudence by failing to adequately consider passively managed mutual fund alternatives to the actively managed funds offered by the plan."). Partida does not dispute that the SAC relies on the same passively managed indexes he included in the First Amended Complaint, which the Court found were not meaningful. Order at 13. Rather, Partida argues that "passively managed funds might, in some situations, serve as meaningful benchmarks for actively managed funds," ECF 59 ("Opp.") at 18 (quoting *In re LinkedIn ERISA Litig.*, 2021 WL 5331448, at *7). However, he does not explain what those situations are or why they apply, nor does he point to facts in the SAC showing why the passively managed funds are suitable comparators to the actively managed funds at issue here. Thus, Partida has failed to present "sufficient factual allegations from which it could be inferred that the passively managed funds at issue could serve as meaningful benchmarks." *In re LinkedIn ERISA Litig.*, 2021 WL 5331448, at *7. Finally, Partida's argument that it would be inappropriate for the Court to determine at this stage whether the comparators in

the SAC are appropriate benchmarks cannot be reconciled with authority in which courts have resolved the issue at the pleading stage. *See, e.g.*, *Anderson*, 579 F. Supp. 3d at 1153-54 (noting that "courts within this district have consistently considered the question of whether a meaningful benchmark has been pled at the motion to dismiss stage" and rejecting plaintiff's argument that such consideration is improper).

*Second*, Partida alleges Defendants breached their fiduciary duties by offering four Plan investments in "higher cost" share classes: The Wells Fargo Growth fund, Invesco fund, Janus fund, and Gabelli fund. SAC ¶¶ 85-134. Partida argues that "Defendants offered higher cost mutual fund share classes . . . even though, at all times during the Class Period, equally or better performing but lower cost class shares . . . were readily available." Opp. at 19. The SAC realleges that the funds cost Plan participant more than other funds. *Compare* FAC ¶ 260 ("Defendants selected and retained the Janus Henderson Balanced T share class at an expense ratio of 82 basis points, whereas the I class and N class where [sic] available at 64 and 57 basis points, respectively") *with* SAC ¶ 130 (same). The Court previously found these allegations did not give rise to imprudence. Order at 12. "[A]llegations regarding the availability of lower cost share classes are, without more, insufficient to state a claim for breach of the duty of imprudence." *Tobias*, 2021 WL 4148706, at *11.

This is in part because there may be good reason for the higher cost share classes. "[T]he higher cost share classes of the challenged mutual funds offered revenue sharing, which courts in this district have recognized, provides an obvious alternative explanation for why the Plan did not offer the lowest-cost share class for those funds." *Tobias*, 2021 WL 4148706, at *11. For example, the Ninth Circuit affirmed dismissal of a complaint that also alleged share class allegations of the sort Partida presents in the SAC. *White v. Chevron Corp.*, 752 F. App'x 453, 454-55.[2] The *White* plaintiff alleged the defendant used higher-cost, retail share classes to pay the

[2] Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court may take notice of "undisputed matters of public record," but not of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Defendants again seek judicial notice of the amended complaint in *White v. Chevron Corp., et al.*, Dkt. 41, No. 4:16-cv-00973-PJH (N.D.

Plan's recordkeeping expenses. *Id.* The effect was that the "higher cost" share class ultimately cost less than the "lower cost" share class, because the "higher cost" class paid more in revenue sharing. *Id.* The Ninth Circuit affirmed dismissal because plaintiffs "showed only that [defendant] could have chosen different vehicles for investment that performed better during the relevant period, or sought lower fees for administration of the fund" but that "[n]one of the allegations made it more plausible than not that any breach of a fiduciary duty had occurred." *Id.* Here, Defendants have shown, and Partida does not contest, that the Plan's share classes were less expensive due to revenue sharing. ECF 55 at 20-22; *see Kong v. Trader Joe's Co.*, 2022 WL 1125667 (9th Cir. 2022) (rejecting revenue sharing argument where defendants showed "only what could occur in theory – not what occurred in fact"). Partida's allegations show only that Defendants could have made cheaper, better-performing choices. *See, e.g.*, SAC ¶ 78 ("Defendants violated their fiduciary obligations by permitting the Plan to retain higher cost, lower-yielding, share classes, when cheaper, better performing, identical ones were readily available."); *see also* SAC ¶¶ 60, 68. Thus, Partida has failed to show that it is more plausible than not that Defendants have committed a breach of fiduciary duty.

*Third*, Partida alleges that Defendants' process for monitoring Plan fees must have been imprudent because the Plan paid higher fees than eight other plans. SAC ¶ 54. Partida compares all the Plan's service providers' fees with fees paid by eight other plans for just one type of service – a recordkeeping fee. *See* SAC ¶ 59. This comparison makes the Plan's fees appear to be much higher than those of the comparator plans, and the Court is persuaded by the reasoning of courts that have rejected such comparisons, because "[w]ithout consistently determining which fees paid by different plans count, the various plans cannot be compared in a way that states a plausible claim." *See Mateya v. Cook Group Inc.*, 2023 WL 4608536, at *8 (S.D. Ind. June 16, 2023); *see also Matousek v. MidAmerican Energy Co.*, 51 F.4th 274 (8th Cir. 2022). The comparison urged

Cal. Sept. 20, 2016), and an ERISA plan participant fee disclosure dated May 8, 2021. ECF 56. The Court judicially notices these documents for the reasons it did in its prior order, ECF 50 at 10. Defendants also seek judicial notice of several Forms 5500, "Annual Return/Report of Employee Benefit Plan." ECF 56 at 2-3. As these are documents publicly filed with a federal agency, the Department of Labor, these are the proper subject of judicial notice. *See Tobias*, 2021 WL 4148706, at *4.

by Partida is also troubling because, while imprudence is shown when "similarly sized plans spend less on the same services," *Matousek*, 51 F.4th at 279, Partida compares the Plan to others with many more participants and holding significantly more assets. Put simply, the comparisons offered do not provide sufficient information to show Defendants acted imprudently, i.e., whether their conduct deviated from that of fiduciaries of similar funds. *See Mateya*, 2023 WL 4608536, at *8 ("[T]he problem is not one of accuracy . . . but one of comparability."). Partida has thus failed to allege facts about what services were provided to the Plan and how the fees paid for those services "were excessive in relation to the specific services [] provided." Order at 8. While Partida alleges that Defendants did not "solicit bids to continuously lower costs," SAC ¶ 48, "courts in this circuit have repeatedly held that fiduciaries are under no obligation to regularly conduct competitive bidding for recordkeeping services." *Tobias*, 2021 WL 4148706, at *15. Partida has thus not cured the deficiencies identified in the Court's Order regarding service fees. In sum, the Court finds Partida has not stated a claim for breach of the duty of prudence.

Partida's second claim is that Defendants breached their duty to monitor Plan fiduciaries. SAC ¶¶ 171-175. As this claim is derivative of the breach of duty of prudence claim, which the Court has dismissed, it must be dismissed as well. *See Tobias*, 2021 WL 4148706, at *16 ("Plaintiffs' failure to monitor claim necessarily fails because Plaintiffs have failed to state an underlying ERISA violation. As such, Plaintiffs have failed to state a claim for failure to monitor.").

The final issue before the Court is whether to grant Partida further leave to amend. Partida argues that, should the Court dismiss the SAC, it should grant him leave to file a third amended complaint, but does not describe what allegations he would add or why amendment would not be futile. Opp. at 29. Defendants argue the SAC should be dismissed with prejudice, as Partida has had multiple opportunities to cure the deficiencies in his pleadings and has failed to do so. ECF 61 (Reply) at 19. "Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Partida has previously been granted leave to amend and has failed to cure the deficiencies identified by the Court. Moreover, Partida has not suggested that he has additional facts to bolster

United States District Court
Northern District of California

United States District Court
Northern District of California

his claims even if the Court did grant leave to amend. The Court can reach no other conclusion than that granting leave to amend would be futile. Partida's claims are therefore **DISMISSED** with prejudice.

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the SAC with prejudice.

**IT IS SO ORDERED.**

Dated: March 28, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**